PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* MARÍA ROSARIO RUIZ, Defendant and Appellant.

No. 3551.   Argued June 13, 1928.—Decided June 15, 1928.

*A. Ramírez Silva* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Section 1 of Act No. 73 of 1919 to regulate the work of women and children and to protect them against dangerous

occupations provides that no woman shall be employed or allowed to work at any lucrative occupation during the hours between ten o'clock at night and six o'clock in the morning. That section is not applicable to telephone and telegraph operators, artists, nurses, or domestic servants.

The appellant was convicted of violating that statute in that as the owner of an embroidery workshop she employed two women to work on wages after ten o'clock at night. The first assignment on appeal is that the trial court erred in overruling her motion for nonsuit because the prosecution did not prove that the women were working under the orders or direction of the appellant. It appears from the government's evidence that they were working for pay and this excludes the idea that they were working voluntarily and not under the orders or direction of the appellant. The evidence introduced by the defendant at the trial shows that she was the owner of the establishment and was there with the women, which proves that she consented to that work.

The second ground of appeal is that it was a case of emergency justifying the work of those women, inasmuch as certain merchandise consisting of handkerchiefs and embroidery had to be sent out from Mayagüez that night to be shipped on the steamer leaving the next day for the United States. However, that was not a case of emergency because those articles are not susceptible of rapid deterioration or destruction, nor was it a case of urgent need which could not have been avoided by preparing the merchandise in advance. An emergency is a sudden or unexpected event.

The last error assigned is the insufficiency of the evidence to support the judgment of conviction.

The witnesses for the prosecution testified that they saw those women working at 10.25 at night while those for the defense testified that the work had been finished before ten o'clock and that the women were waiting until the merchandise was called for. This conflict in the evidence was adjusted

by the trial court against the appellant and we see no reason for holding that error was committed.

The judgment appealed from must be affirmed.